IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** : | CIVIL ACTION NO. 1:15-CV-856 |
| : | |
| : | (Chief Judge Conner) |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **DOMMONICK CHATMAN,** : | |
| : | |
| **Defendant** : | |

# ORDER

AND NOW, this 13th day of April, 2016, upon consideration of the motion (Doc. 13) to dismiss filed by defendant Dommonick Chatman ("Chatman"), wherein Chatman asserts *first*, that the above-captioned action is time-barred, (see id. ¶¶ 5, 13), arguing that although plaintiff J&J Sports Productions, Inc. ("J&J") commenced this case within the applicable two-year statute of limitations, (see Doc. 1), its amended complaint (Doc. 5)—filed subsequent to the statutory period—does not relate back because J&J "fail[s] to allege any elements to establish that [Federal Rule of Civil Procedure 15] applies," (Doc. 21 at 6); FED. R. CIV. P. 15; *second*, that Count I of the amended complaint fails to state a claim upon which relief may be granted under 47 U.S.C. § 605, (see Doc. 13 ¶¶ 1-10), contending that J&J, in accusing Chatman of using satellite or radio communications to illegally intercept and broadcast a championship boxing match (the "program") at a commercial establishment on May 4, 2013, (see Doc. 5 ¶¶ 11-12, 17), "fail[s] to allege whether the [p]rogram was received . . . through wire, radio or satellite," (Doc. 21 at 8);

and *third*, that Count II of the amended complaint fails to state a claim upon which relief may be granted under 47 U.S.C. § 553, (see Doc. 13 ¶¶ 11-14), urging that J&J, by pleading in the alternative that Chatman illegally intercepted and broadcast the program over a cable network, (see Doc. 5 ¶¶ 11-12, 24), "fails to put [Chatman] on notice of how he violated the statute" and "fails to properly establish that [Chatman] did not receive . . . authorization from his cable operator," (Doc. 21 at 10), and further upon consideration of J&J's brief (Doc. 22) in opposition to the motion, wherein J&J responds *first*, that the amended complaint relates back to the initial filing date pursuant to Rule 15(c)(1)(C), FED. R. CIV. P. 15(c)(1)(C), riposting that the allegations set forth therein are substantively indistinguishable from the original complaint, (see Doc. 22 at 5), and that Chatman—the alleged owner and operator of the commercial establishment, (see Doc. 5 ¶¶ 7-8)—received timely notice of the instant matter and should have known that J&J mistakenly failed to name him as a defendant, to wit: according to J&J, on April 29, 2015, Chatman called counsel for J&J on behalf of a previously-named defendant to confirm receipt of a letter which elucidated the claims to be asserted herein, evidencing his awareness of the forthcoming suit, (see Doc. 22 at 5-8, Ex. 1 at 6); FED. R. CIV. P. 15(c)(1)(C); *second*, that alternative claims under 47 U.S.C. §§ 553 and 605 are permissible, (see Doc. 22 at 8-11), submitting that J&J is entitled to discovery to determine the specific manner in which Chatman intercepted the program, (see id. at 8-11), and that the amended complaint satisfies Rule 12 pleading requirements, FED. R. CIV. P. 12(b)(6); (see Doc. 22 at 11); and *third*, that J&J is not required to proffer evidence regarding Chatman's broadcasting authorizations at this stage,

(see Doc. 22 at 12-15), maintaining that J&J's averments are sufficient to state a claim for relief under either 47 U.S.C. § 553 or § 605, (see id.), and the court noting, with respect to Chatman's statute of limitations argument, that under Rule 15(c)(1)(C), an amended pleading relates back to the filing date of the original pleading when (1) the allegations therein concern the same conduct, transactions, or occurrences set forth in the antecedent pleading; (2) all substituted defendants received notice of the action within the original time period for service of process such that they are not prejudiced; and (3) all substituted defendants knew or should have known that, but for a mistake, plaintiff would have named them in the original complaint, see FED. R. CIV. P. 15(c)(1)(C), and the court observing that Chatman neither explains his position that J&J's amended complaint fails to meet the conditions for relation back in Rule 15 nor tenders a reply to J&J's opposing arguments, (see Doc. 21 at 5-6), and the court finding (1) that the claims set forth in the original complaint and the amended complaint are substantively identical, (compare Doc. 1, with Doc. 5); (2) that Chatman allegedly received notice of J&J's claims on or before April 29, 2015, prior to J&J's commencement of the instant suit and within the original time period for service of process, (see Doc. 1; Doc. 22 at 5-8, Ex. 1 at 6); and (3) that Chatman subsequently knew or should have known that J&J would have named him in the complaint had it been aware of his position as owner and operator of the commercial establishment, (see Doc. 5 ¶¶ 7-8), and the court concluding that the amended complaint relates back and therefore falls within the applicable statute of limitations, see FED. R. CIV. P. 15(c)(1)(C), and the court further noting, with respect to Chatman's Rule 12(b)(6) arguments, that when ruling on a

motion to dismiss for failure to state a claim, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief," Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008), and the court must isolate well-pleaded factual allegations and determine whether they are sufficient to show a "plausible claim for relief," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)), and the court recognizing that although J&J cannot *recover* under both 47 U.S.C. §§ 605 and 553, see TKR Cable Co. v. Cable City Corp., 267 F.3d 196, 207 (3d Cir. 2001), J&J may plead alternative theories of liability without specifying the manner in which Chatman intercepted the program, see FED. R. CIV. P. 8(d)(2); e.g., J & J Sports Prods., Inc. v. Dougherty, No. 12-CV-1255-JD, 2012 WL 2094077, at *2 (E.D. Pa. June 11, 2012); Circuito Cerrado, Inc. v. Katuran, No. CIV.A.10-4343, 2011 WL 3925245, at *2 (E.D. Pa. Sept. 6, 2011), and the court finding that J&J has met its Rule 12 pleading burden by stating that on May 4, 2013, Chatman owned and operated the commercial establishment where the program was broadcast, (Doc. 5 ¶¶ 7-8); that Chatman directed and oversaw the broadcast therein, (id. ¶¶ 8-11); that J&J owned exclusive commercial distribution rights to the program, (id. ¶¶ 14-15); and that Chatman broadcast the program for commercial gain knowing he lacked authorization to do so, (id. ¶¶ 17-18); see 47 U.S.C. §§ 553, 605; FED. R. CIV. P. 12(b)(6), and the court observing that whether J&J has "properly establish[ed] that [Chatman] did not receive . . . authorization from his cable provider" to broadcast the program is necessarily a fact-intensive inquiry and must

4

be resolved at the Rule 56 stage, (Doc. 21 at 10); see FED. R. CIV. P. 56, and the court concluding that J&J has adequately stated a claim for relief under either 47 U.S.C. § 605 or § 553, it is hereby ORDERED that Chatman's motion (Doc. 13) is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania